**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Nehemiah Rolle, Jr.,

    Plaintiff,                                            Case No. 1:21cv625

    v.                                                 Judge Michael R. Barrett

Stephanie K. Bowman,

    Defendant.

## ORDER

This case is a *pro se* civil action in which Plaintiff has filed a lawsuit against the federal magistrate judge presiding over another, separate lawsuit filed by Plaintiff: *Rolle v. Litkovitz*, Case No. 1:21-cv-00552-MRB-SKB. On this same day, this Court has dismissed that lawsuit *sua sponte*, ordered monetary sanctions under Federal Rule of Civil Procedure 11 and imposed prefiling restrictions against Plaintiff. As detailed in that case, Plaintiff has a long litigation history of filing lawsuits against judges whose decisions he does not like. (Case No. 1:21-cv-00552-MRB-SKB, Doc. 5, PAGEID 23-24). However, because Plaintiff pays the full filing and administrative fees in each case, Plaintiff's cases escape "frivolousness" screening under 28 U.S.C. §§ 1915A or 1915(e)(2).

Nevertheless, Plaintiff's complaint is subject to *sua sponte* dismissal under Federal Rule of Civil Procedure 12(b)(1) where the allegations in the complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000), (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's

allegations in this lawsuit are the same allegations which Plaintiff has alleged in his previous lawsuits. As this Court explained in another lawsuit brought by Plaintiff against Magistrate Judge Karen Litkovitz:

> Each of Rolle's Complaints look strikingly similar, employing a "kitchen-sink" approach that alleges the defendants have violated numerous constitutional amendments. Comparing the instant Complaint to that in each of Rolle's underlying actions, it is apparent that he essentially copied the language from those pleadings and added Litkovitz's name. The Complaint is devoid of any specific facts alleging wrongdoing on her part. Instead, Rolle repeats allegations from each of the underlying pleadings and tacks on conclusory allegations that Litkovitz "aided and abetted" the other defendants in the alleged conduct.
>
> Rolle has not provided a single fact supporting his claims that Magistrate Judge Litkovitz aided and abetted the underlying defendants in any alleged wrongdoing. Further, he has not asserted facts suggesting that Litkovitz has had any relationship or involvement with these individuals or entities outside her role as a federal magistrate judge in the lawsuits he filed in this Court. Rolle's claims are further undermined by his wholly unsubstantiated suggestions that the defendants are involved in a "white supremacist conspiracy."

*Rolle v. Litkovitz*, No. CV 1:21-230-DCR, 2021 WL 1546110, at *2 (S.D. Ohio Apr. 20, 2021). Similarly, in this case, Plaintiff alleges that Magistrate Judge Stephanie Bowman has violated several constitutional amendments by "willfully and intentionally and criminally aiding and abetting a white supremacy Ohio state Ohio state official named Jenifer Murphy Burnaugh," "unlawfully and unjustly and fraudulently and criminally aiding and abetting white supremacy Ohio state official Linton D. Lewis," and "unlawfully and unjustly and fraudulently and criminally aiding and abetting the unlawful and unjust and criminally fraudulent acts of white supremacy sympathizer and collaborator Ohio state official Melinda Cooper." (Doc. 1, PAGEID 3, 6, 10). In addition, Plaintiff claims that Magistrate Judge Bowman "unlawfully and unjustly and fraudulently and criminally aiding

and abetting the unlawful and unjust and criminally fraudulent acts of Karen L. Litkovitz a known white supremacy individual." (Doc. 1, PAGEID 14).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, because Plaintiff's claims lack an arguable legal or factual basis, this Court finds that the claims against Magistrate Judge Bowman are frivolous. Therefore, Plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 480. Accordingly, dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(1).

It is hereby **ORDERED** that Plaintiff's Complaint is **DISMISSED with PREJUDICE**. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith; and therefore, Plaintiff is **DENIED** leave to appeal *in forma pauperis*. This matter is **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                                       */s/ Michael R. Barrett*
                                                    Michael R. Barrett
                                                    United States District Court